

**State of Vermont**
**Superior Court—Environmental Division**

=================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
=================================================================

**In re Saman ROW Approval**                           **Docket No. 176-10-10 Vtec**
**(Appeal from Town of Plainfield**
**Development Review Board decision)**

Title: Motion to Amend Statement of Questions (Filing No. 1)

Filed: January 24, 2011

Filed By: Elizabeth H. MaGill, Attorney for Appellant William Basa

Response in Opposition filed on 3/2/11 by Thomas Hayes, Attorney for Appellee/Applicant Peter Saman

Reply filed on 3/10/11 by Elizabeth H. MaGill, Attorney for Appellant William Basa

   X  Granted                    ___ Denied                    ___ Other

        William Basa has appealed an on-the-record decision of the Town of Plainfield Development Review Board ("DRB") approving Peter Saman's ("Applicant") application for the use of a right-of-way that connects his property at 351 Bartlett Road to Lindemann Lane. Mr. Basa submitted a two-question Statement of Questions on November 17, 2010 and now seeks, by way of motion filed on January 24, 2011, to amend his Statement of Questions by adding three additional questions.

        Similar to how the Civil Division addresses motions to amend complaints, this Court liberally grants motions to amend statements of questions when the other parties involved in the appeals are not unfairly prejudiced by our doing so. In re Ridgewood Estates Homeowners Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.) (citing Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.)). We look for the same concerns as the Civil Division does when determining whether to grant a motion to amend a complaint; that is, we consider if there has been undue delay or bad faith by the moving party, whether the other parties will be prejudiced, and whether the amendment will be futile. Cf. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1; See In re Huntington Remodeling Application, No. 210-10-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Nov. 5, 2008) (Durkin, J.). We also take into account that the Statement of Questions not only serves to provide parties with notice of the issues to be determined during litigation, like a civil complaint, but also serves to limit the scope of the appeal. See V.R.E.C.P. 5(f); Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 4.

        Here, Mr. Basa seeks to expand his Statement of Questions by adding three Questions to the original two he submitted. He filed his motion to amend approximately two-and-a-half months after he filed his original Statement of Questions and after the DRB issued its November 5, 2011 decision.

        Applicant argues that Mr. Basa's motion should be denied because the three additional Questions raise new issues for our review rather than clarify the previous Questions. Even if we accept Applicant's characterization of the new Questions, Applicant has made no clear showing that he will be prejudiced by the addition of issues at this stage in the litigation. Applicant also has not alleged that Mr. Basa has acted in bad faith, and we fail to find Mr. Basa's delay of less than three month undue. Compare Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 4 (denying a party the opportunity to amend its Statement of Questions when such amendment was sought after summary judgment had been issued against that party and when the timing appeared to include a tactical decision). Lastly, Mr. Basa's additional three Questions seem more

tangentially related to his original Questions than wholly separate from them.  For all these reasons we **GRANT** Mr. Basa's motion to amend.

_____
Thomas S. Durkin, Judge

_____April 21, 2011_____
Date

Date copies sent to: _4/21/11_                                                    Clerk's Initials _ℓℓc_

Copies sent to:

    Elizabeth H. MaGill, Attorney for Appellant William Basa

    Thomas Hayes, Attorney for Appellee/Applicant Peter Saman

    Robert Halpert, Attorney for Interested Person Town of Plainfield

    Brice C. Simon, Attorney for Interested Person Brenda Lindemann